### RICH v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. May 10, 1894.)

#### No. 99.

CUSTOMS DUTIES—CLASSIFICATION—ARTISTS' COLORS.

Paragraphs 50 to 60, inclusive, of the paint and color schedule of the tariff act of October 1, 1890, impose different duties on various colors, while paragraph 61 imposes a duty on artists' colors of all kinds. Artists' colors are those named in the preceding paragraphs, when of a fine grade, and specially prepared, and put up for the use of artists. *Held*, that paragraph 61 applies to all artists' colors, and not only to those not enumerated in the preceding paragraphs.

Appraisement for duty of certain artists' colors, imported by one Rich. The circuit court affirmed the decision of the board of general appraisers. The importer appeals.

Comstock & Brown (Albert Comstock, of counsel), for appellant.
Henry C. Platt, U. S. Atty.

Before WALLACE and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. By paragraphs 50 to 60, inclusive, of the paint and color schedule of the tariff act of October 1, 1890, duties are respectively imposed upon various colors, such as "blues," "chrome green," "ochre," "umber," "sienna," etc.; some colors being subjected to a specific, and others to an ad valorem, duty. By paragraph 61 of the same schedule, duty is imposed upon artists' colors of all kinds, in tubes or otherwise. Artists' colors are the colors named in the paragraphs preceding 61, when of a fine grade, specially prepared and put up for the use of artists in tubes, bottles, cakes, or pans, and include, also, some other specially prepared colors. The appellant imported certain colors, including blues, chrome green, ochre, umber, and sienna, of the fine grades, and specially prepared and put up in tubes for artists' use. The importations were commercially known as "artists' colors in tubes." The collector classified the merchandise for duty under paragraph 61. The importer protested, insisting that it should have been classified under paragraphs 50 to 55, 57 to 60, and 62 to 67. The board of general appraisers sustained the action of the collector. Upon appeal to the circuit court the decision of the board of general appraisers was affirmed.

It is contended for the appellant that the enumeration of the earlier paragraphs is the more specific, and that of paragraph 61 the

more general; consequently, that the latter can only apply to such colors as are not mentioned in the earlier paragraphs. The rule undoubtedly is that, where a tariff act imposes a duty on an article by a specific name or description, general terms in the act, though embracing it broadly, are not applicable to it, and the general must give way to the particular. We think the rule has no application to the present case. The case is not one where an article is differently described by different provisions of the act, one general and the other more specific, but is one where the different provisions describe different articles for duty. While the term "artists' colors in tubes or otherwise" describes a class comprehending many colors, it does not describe a class in which the colors of the earlier paragraphs are included. They do not belong to the class, because they are not of the special variety which it embraces until they are prepared for a particular use and put up in a particular form. Each paragraph has its appropriate operation without impinging upon the other. The colors which have undergone the special preparation necessary to bring them within the category commercially known as "artists' colors" are made dutiable by paragraph 61. The colors mentioned in the earlier paragraphs, which have not been advanced so as to bring them within that category, are dutiable under their respective paragraphs. As we are satisfied that the merchandise was properly classified by the collector, and that the decisions of the board of general appraisers and of the circuit court were correct, we do not deem it necessary to consider the question whether the protests of the importer were sufficiently specific. The judgment of the circuit court is affirmed.