MILLER, SLOANE & WRIGHT v. UNITED STATES.

(Circuit Court, S. D. New York. January 29, 1904.)

No. 3,282.

1. CUSTOMS DUTIES—CLASSIFICATION—PRINTING PAPER—HANDMADE PAPER.

*Held,* that handmade printing paper, suitable for books and newspapers, is more specifically provided for under paragraph 396, Tariff Act July 24, 1897, c. 11, § 1, Schedule M, 30 Stat. 187 [U. S. Comp. St. 1901, p. 1671], as "printing paper * * * suitable for books and newspapers," than as "handmade * * * paper," under paragraph 401 of said act, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1672].

On application by Miller, Sloane & Wright, importers, for a review of the decision (In re Miller, G. A. 5,067) of the Board of General Appraisers, which affirmed the assessment of duty by the Collector of Customs at the port of New York.

Albert Comstock, for appellants.

Charles D. Baker, Asst. U. S. Atty.

WHEELER, District Judge. The tariff law provides for a duty of 15 per cent. ad valorem, by paragraph 396, for "printing paper, unsized, sized or glued, suitable for books and newspapers." Act July 24, 1897, c. 11, § 1, Schedule M, 30 Stat. 187 [U. S. Comp. St. 1901, p. 1671]. And by paragraph 401 of 15 per cent. ad valorem and 3½ cents per pound for "writing, letter, note, hand-made, drawing, ledger, bond, record, tablet, and typewriter paper." 30 Stat. 189 [U. S. Comp. St. 1901, p. 1672]. This importation is of handmade printing paper suitable for books and newspapers. It was assessed under paragraph 401, against a protest that it should be assessed under paragraph 396. It comes exactly within the description of paragraph 396, as printing paper "suitable for books and newspapers," although it is handmade. There are handmade writing papers which would undoubtedly come under paragraph 401, but this being printing paper specifically mentioned under paragraph 396 as suitable for books and news-

papers, this latter seems to be the most specific provision. The paper provided for under paragraph 401 seems to be that which is surfaced suitably for being written upon, while that under paragraph 396 is wholly unsuitable for that purpose. The two paragraphs divide writing and printing paper into these two classes. This seems to fall within the class provided for under paragraph 396. As there is handmade writing paper, the provision for handmade paper under paragraph 401 has something to apply to besides this handmade printing paper. This leads to the conclusion that the assessment under paragraph 401 should be reversed, and the assessment made under paragraph 396.

Decision reversed.