## UNITED STATES v. REISS & BRADY.

(Circuit Court of Appeals, Second Circuit.  January 4, 1905.)

### No. 31.

CUSTOMS DUTIES—CLASSIFICATION—PRESERVED FIGS.

    *Held,* that the "fruits preserved in sugar, molasses, spirits, or in their own juices," enumerated in Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 263, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651], are known commercially as a class by themselves, of which the use and form constitute the distinctive characteristics, and that certain figs preserved whole are within that provision, rather than the provision for "figs" in paragraph 264 of said act, c. 11, § 1, Schedule G, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651].

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon an appeal from a decision of the Circuit Court, Southern District of New York (126 Fed. 578), reversing a decision of the Board of General Appraisers (G. A. 4,946, T. D. 23,130), which sustained the action of the collector of the port of New York in assessing duty on certain merchandise imported under the tariff act of 1897.

Note Brennan v. United States (C. C. A.) 136 Fed. 743.

D. Frank Lloyd, for appellant.
A. H. Washburn, for appellees.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

LACOMBE, Circuit Judge.  The articles in question were imported under different names, viz., "Figues vertes à l'eau de vie," "Figues au jus," "Figues vertes au jus," "Figues au marasquin," which appropriately describe them.  They are figs—whole figs, sometimes green, sometimes ripe—which have been preserved, some in spirits, some in sugar or molasses, some in their own juice, some in juice flavored with maraschino.  The relevant paragraphs are:

"263. Confits, sweetmeats and fruits preserved in sugar, molasses, spirits or in their own juices, not specially provided for in this act, one cent per pound and 35 per cent. ad valorem; if containing over ten per centum of alcohol and not specially provided for in this act, thirty-five per centum ad valorem, and in addition two dollars and fifty cents per proof gallon on the alcohol contained therein in excess of ten per centum."

"264. Figs, plums, prunes, and prunelles, 2 cents per pound; raisins and other dried grapes, two and one-half cents per pound; dates, one-half of one cent per pound; currants, Zante or other, two cents per pound; olives, green

or prepared, in bottles, jars, or similar packages, twenty-five cents per gallon; in casks or otherwise than in bottles, jars, or similar packages, fifteen cents per gallon."

Chapter 11, § 1, Schedule G, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651].

The question presented is, in which of these paragraphs are the importations included? It may be said that of the very large number of fruits—peaches, pears, plums, berries of all sorts, oranges, pineapples, etc.—variously preserved in sugar, spirits, molasses, or their own juice, "figs" would be a special class. It may also be said that of the comprehensive group of articles covered by the general word "figs," viz., figs, green, ripe, dried, glacé (sugared), pickled, preserved as jam or in spirits, or in juice, etc., the three classes figs preserved in sugar, in spirits, in juice, would be special varieties. The Circuit Judge determined the question as to the relative specificness of the two paragraphs by the consideration that paragraph 263 in terms excluded from its provisions fruits preserved, etc., not specially provided for, whereas paragraph 264 contains no such excepting clause. The test on which he relied has been frequently applied by this court, but we agree with the Board of General Appraisers in the conclusion that the present cause is more in accord with the one presented in Rich v. United States, 61 Fed. 501, 9 C. C. A. 596, which arose under the act of 1890. In that cause, by paragraphs 50 to 60, inclusive, duties were respectively imposed upon various colors, such as "Prussian blue," "satin white," "chrome yellow," "vermillion red," etc.; some colors being subject to a specific and others to an ad valorem duty. By paragraph 61 of the same schedule duty was imposed upon "artists' colors of all kinds in tubes or otherwise." The evidence showed that artists' colors are the colors specifically mentioned by their respective names (as above quoted) in the paragraphs preceding 61, when of a fine grade, specially prepared and put up for the use of artists in tubes, bottles, cakes, or pans, and include also some other specially prepared colors. It was contended that a color mentioned eo nomine in one of the earlier paragraphs could not be retained within the general class mentioned in paragraph 61. After stating the rule that in tariff act construction general terms must give way to particular, this court said:

"We think the rule has no application to the present case. The case is not one where an article is described by different provisions of the act, one general and the other more specific; but is one where the different provisions describe different articles for duty. While the term 'artists' colors in tubes or otherwise' describes a class comprehending many colors, it does not describe a class in which the colors of the earlier paragraphs are included. They do not belong to the class because they are not of the special variety which it embraces until they are prepared for a particular use and put up in a particular form. Each paragraph has its appropriate operation without impinging upon the other. The colors which have undergone the preparation necessary to bring them within the category commercially known as 'artists' colors' are made dutiable by paragraph 61. The colors mentioned in the earlier paragraphs, which have not been advanced so as to bring them within that category, are dutiable under their respective paragraphs."

We are satisfied that fruits preserved in sugar, in spirits, in juice, etc., are known commercially as a class by themselves, the various

fruits which that class includes being prepared for the particular use and put up in the particular form, which use and form constitute the distinctive characteristics of the category for which those fruits are prepared. Upon that class, as a class well known commercially, Congress has imposed duty by paragraph 263. We are further of opinion that the term "figs," when used without qualifying descriptive terms, in commercial significance means the dried figs, commonly imported and sold in baskets or boxes, which, like the other dried fruits mentioned eo nomine in paragraph 264—"plums, prunes, prunelles," "raisins," "dates," and "currants"—are not the preserved fruits of paragraph 263. The two paragraphs therefore describe different articles, and there is no conflict between them, and therefore there is no occasion to consider whether the term "figs" of paragraph 264 is a more specific designation for the imported articles than the term "fruits preserved in sugar, molasses, spirits, or their own juices."

The decision of the Circuit Court is reversed, and that of the Board of General Appraisers is affirmed.