CAUSSE MFG. CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. December 4, 1906.)

No. 76 (3,913).

1. CUSTOMS DUTIES—CLASSIFICATION—PRESERVED FRUIT.

The provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 263, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651], for "comfits, sweetmeats, and fruits preserved in sugar, molasses, spirits, or in their own juices," refers to a class of goods commercially known as preserved fruits, and is intended to apply to fruits treated so as to become a preserve or comfit, and not to such as merely remain temporarily in their natural juice.

2. SAME—PREPARED CHERRIES.

Cherries, which have been washed, pitted, and packed in salt water to preserve them in transit, are not dutiable as "fruits preserved * * * in their own juices," under Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 263, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651], but as "edible fruits * * * prepared in any manner," under paragraph 262.

3. SAME—FRUIT IN SALT WATER—"BRINE."

Cherries immersed in a solution containing not more than .402 per cent. of salt are not fruits in "brine," within the meaning of Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 559, 30 Stat. 198 [U. S. Comp. St. 1901, p. 1683].

4. SAME—FRUITS GREEN OR RIPE.

The first part of paragraph 262, Tariff Act July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651], imposing a duty per bushel on cherries and other fruits, "green or ripe," applies to those fruits, ripe or unripe, when imported in their natural condition.

5. SAME—FRUITS PREPARED—NOSCITUR A SOCIIS.

Under Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 262, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651], relating to fruits "dried, desiccated, evaporated or prepared in any manner," the scope of the expression "prepared in any manner" is not upon the rule of noscitur a sociis to be so limited as to embrace only fruits prepared by a drying process.

6. SAME—STATUTORY CONSTRUCTION—VARIATION IN TERMS OF ENUMERATION.

Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 262, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651], enumerates in the first part of the paragraph "apples, peaches, quinces, cherries, plums, and pears, green or ripe;" and in the latter part "apples, peaches, pears, and other edible fruits, including berries, * * * prepared." Held, that the inclusion of "cherries" in the first enumeration, and its omission from the second, should not be construed as excluding prepared cherries from the latter.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For decision below, see 143 Fed. 690, affirming a decision of the Board of United States General Appraisers (G. A. 5,917 [T. D.

26,029], which had affirmed the assessment of duty by the collector of customs at the port of New York.

Comstock & Washburn (J. Stuart Tompkins, of counsel), for importers.

D. Frank Lloyd, Asst. U. S. Atty.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

PER CURIAM. The importations in controversy are cherries from which the pits had been removed, the fruit then washed several times in water, as a result of which the dirt and free juices were removed, then exposed to sulphur fumes, and then packed in casks in a weak solution of salt water in order to preserve the fruit in transit; the salt ranging in percentage from .118 to .402. They were designed to be converted into candied cherries, which is done by washing out the salt and sulphur dust, then boiling them in fresh water and then boiling them in sugar sirup. They were subjected to a duty of 1 cent per pound and 35 per cent. ad valorem, under paragraph 263 of the tariff act of July 24, 1897 (chapter 11, § 1, Schedule G, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651]), which reads as follows:

"263. Comfits, sweetmeats, and fruits preserved in sugar, molasses, spirits, or in their own juices, not specially provided for in this act, one cent per pound and thirty-five per centum ad valorem. * * *"

The question presented by the appeal is whether the importations were properly classified under that paragraph, or whether they should not have been classified under paragraph 262 or paragraph 559 of the same tariff act. Paragraph 262 prescribes duty as follows:

"262. Apples, peaches, quinces, cherries, plums, and pears, green or ripe, twenty-five cents per bushel; apples, peaches, pears, and other edible fruits, including berries, when dried, desiccated, evaporated or prepared in any manner, not specially provided for in this Act, two cents per pound. * * *"

Paragraph 559 places upon the free list "fruits or berries, green, ripe, or dried, and fruits in brine, not specially provided for in this act." Section 2, Free List, 30 Stat. 198 [U. S. Comp. St. 1901, p. 1683].

We are satisfied that the importations were not within the description of paragraph 263. That paragraph is intended to apply to fruits which have been "preserved"; that is, treated so as to become a preserve or comfit, and not to such as merely remain temporarily in their natural juices. As this court pointed out, in United States v. Reiss, 136 Fed. 741, 69 C. C. A. 393, the paragraph refers to a class of goods which are commercially known and dealt in as preserved fruits. In the case of the present importations the fruit was not in any just sense preserved in its own juices; indeed, the juices which were retained in it only tended to produce its decay, and this effect was minimized as far as practicable by the treatment with sulphur and salt water.

We are also satisfied that the importations were not free under paragraph 559, and agree with the reasoning of the Board of General Appraisers and of the court below upon that question. In our judgment, they fall within the more specific description of paragraph 262,

and were dutiable as "cherries," under-the first part of that paragraph, or as "edible fruits * * * prepared in any manner," under the latter part. The first part would seem intended to apply to the fruits, ripe or unripe, specifically mentioned therein, when imported in their natural state. The latter part appropriately refers to the same fruits when something has been done to them to prepare them better for preservation, and which may consist either in drying, evaporating, or desiccating them, or in preparing them in any other manner. The term "other edible fruits" properly includes not only the cherries and the other fruits specifically mentioned in the first part of the paragraph, but also a class outside of these. It is used to save recapitulating all the varieties previously enumerated, and also to cover other varieties. We are not impressed with the argument that the words "prepared in any manner" are to be limited upon the rule noscitur a sociis so as to embrace only fruits prepared by a drying process. The importations in controversy are removed from the enumeration of the first part of the paragraph and transferred to that of the second because they have been prepared within the meaning of that part of the paragraph. Our conclusion is that they should have been subjected to duty at 2 cents per pound.

The decision of the court below and of the Board of General Appraisers is modified accordingly.