SEYD v. UNITED STATES.

(Circuit Court, S. D. New York. January 8, 1907.)

No. 4,211.

CUSTOMS DUTIES—CLASSIFICATION—MARBLEIZED PAPER.
So-called "marbleized paper," which is made by hand, *held* dutiable as surface-coated paper under Tariff Act July 24, 1897, c. 11, § 1, Schedule M, par. 398, 30 Stat. 188 [U. S. Comp. St. 1901, p. 1671], and not as hand-made paper under paragraph 401, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1672]. It is excluded from the latter paragraph because not ejusdem generis with the classes of paper there enumerated.

On Application for Review of a Decision of the Board of United States General Appraisers.

In the decision below, the Board of General Appraisers affirmed the assessment of duty by the collector of customs at the port of New York on merchandise imported by William Seyd, under Tariff Act July 24, 1897, c. 11, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1626].

Comstock & Washburn (Albert H. Washburn, of counsel), for importer.
J. Osgood Nichols, Asst. U. S. Atty.

HAZEL, District Judge. The new evidence introduced in this court proves that the article in question, consisting of marbleized paper, is

used generally for fly leaves or linings of books. The collector assessed duty under paragraph 401, as hand-made paper. The importer claims that duty should have been assessed under paragraph 398, which provides for surface-coated papers. The merchandise is manufactured by first preparing a coating substance consisting of a gelatine bath; the desired coloring matter being sprinkled thereon by hand. The sheets of white paper are separately dipped into the solution or bath by hand; the colors being transferred to the paper. In this condition the marbleized paper, according to the proofs, is commercially known as "surface-coated" paper, as distinguished from a class known as "hand-made" paper. The government gave no evidence to refute the contention of the importers, but insists that the paper was made and the coloring matter or decoration actually applied by hand, and that the term "hand-made paper" is merely descriptive. Paragraph 401 imposes in general terms a duty upon "writing, letter, note, hand-made," and certain other papers specifically mentioned, and the provision is broad enough to include the article in question, but the tariff act specifically provides for surface coated papers by paragraph 398, thus rendering the former paragraph inapplicable. Act July 24, 1897, c. 11, § 1, Schedule M, 30 Stat. 188, 189 [U. S. Comp. St. 1901, pp. 1671, 1672]. The case of Miller, Sloane & Wright v. United States (C. C.) 128 Fed. 469, is a precedent. It is held there that the hand-made papers provided for in paragraph 401 are those which are ejusdem generis with the classes in said paragraph mentioned. The importation here under consideration is shown not to belong to that class, although admittedly hand made.

The decision of the Board of General Appraisers is reversed.