EDWARD BENNECHE & BRO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. March 26, 1907.)

No. 236 (4,049).

CUSTOMS DUTIES—CLASSIFICATION—HAND-MADE PAPERS—INDIA TRANSFER PAPER.

The hand-made papers covered by Tariff Act July 24, 1897, c. 11, § 1, Schedule M, par. 401, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1672], enumerating "writing, letter, hand-made, drawing, * * * and typewriter paper," are not only those used as writing papers, but also that suitable for other uses, as hand-made India transfer paper used for making lithographic transfers and in printing.

Appeal from the Circuit Court of the United States for the Southern District of New York.

See G. A. 6,058 (T. D. 26,440).

Following is the opinion of the court below:

WHEELER, District Judge. This is found to be specifically hand-made paper, which is specifically provided for under paragraph 401 of the act of 1897, and is not such as was under consideration in Miller v. U. S. (C. C.) 128 Fed. 469, although the remark there made would cover it, as held by the Board. That remark as made by me does not appear to have been sound, and was not essential to the decision, and was not approved by the mere affirmance of the decision. The question seems to be still open, and the specific designation must govern. The decision of the Board brought about apparently by that remark, therefore is erroneous.

Decision reversed.

Walden & Webster (Albert H. Washburn, of counsel), for importers.

D. Frank Lloyd, Asst. U. S. Atty.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

COXE, Circuit Judge. The merchandise in question is hand-made India transfer paper imported from China. It is used for making lithographic transfers and is sold to dealers in lithographic supplies. It is also used for printed proofs and plates. It was assessed by the collector as hand-made paper under paragraph 401 of the act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule M, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1672], the relevant portions of which are as follows:

"Writing, letter, note, hand-made, drawing, ledger, bond, record, tablet, and typewriter paper, weighing not less than ten pounds; * * * but if any such paper is ruled, bordered, embossed, printed, or decorated in any manner, it shall pay ten per centum ad valorem in addition to the foregoing rates."

The importers insist that the merchandise should have been assessed as paper not specially provided for under paragraph 402, which, so far as it relates to this controversy, is as follows:

"Paper hangings and paper for screens or fireboards, and all other paper not specially provided for in this act, twenty-five per centum ad valorem." 30 Stat. 189.

The Board of General Appraisers felt constrained to overrule the classification of the collector upon the authority of Miller v. U. S., 128 Fed. 469, in which it is said, in substance, that paragraph 401 relates exclusively to writing papers.

Judge Wheeler who decided the Miller Case also decided the case at bar. He points out that his previous interpretation of paragraph 401 was incorrect and obiter dictum and finds the merchandise specifically provided for therein as hand-made paper. We believe the later decision to be correct.

Paragraph 401 cannot, as the appellants contend, be limited to the class of hard stock, hard sized writing and drawing papers. If it had been the intention of Congress so to limit the paragraph that intention could have been succinctly expressed by the use of the words, "writing and drawing paper weighing not less," etc. The inclusion of hand-made paper and typewriter paper indicates a purpose not

to confine the paragraph within the narrow limits suggested, for neither is particularly suitable for drawing or writing.

Furthermore, the appellants' contention overlooks the significance of the clause "but if any such paper is * * * printed or decorated in any manner." Congress evidently had in mind paper not only suitable for writing and drawing but for printing as well. In other words, the language specifically covers a hand-made printing paper. That the paper in question is hand-made is undisputed. The statement that it is wholly unfit for printing is not sustained by the testimony, at least as broadly as counsel assert.

One of the witnesses says:

"It is transfer paper, used from one stone to another. It would be bothersome, of course, to print that so many times and the lithographer takes a piece of that paper and puts it on the stone, from there it is printed out. That is what the paper is used for. * * *

"Q. Do you know whether you can print on it?

"A. Oh, yes.

"Q. Do you know whether it can be printed on?

"A. They print transfers on it."

That it can be printed on with type can be demonstrated by a very simple experiment with a rubber stamp.

We find that the paper in question is specially provided for as handmade under paragraph 401 of the tariff act.

The decision is affirmed.