### UNITED STATES v. SEYD.

(Circuit Court of Appeals, Second Circuit.   November 8, 1907.)

#### No. 57 (4,211).

CUSTOMS DUTIES—CLASSIFICATION—HANDMADE SURFACE-COATED PAPER.

The provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule M, par. 401, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1672], for handmade paper, is not restricted to paper ejusdem generis with the writing, letter, and other papers enumerated in that paragraph; and handmade surface-coated paper is more specifically provided for thereunder than under the provision in paragraph 398, 30 Stat. 188 [U. S. Comp. St. 1901, p. 1671], for surface-coated paper "not specially provided for."

Appeal from the Circuit Court of the United States for the Southern District of New York.

For decision below, see 152 Fed. 657, reversing a decision of the Board of United States General Appraisers, which had affirmed the assessment of duty by the collector of customs at the port of New York on merchandise imported by William Seyd.

J. Osgood Nichols, Asst. U. S. Atty. (Henry L. Stimson, U. S. Atty., on the brief).

Comstock & Washburn (J. Stuart Tompkins, of counsel), for importer.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM.   The paper imported is concededly handmade paper. It is also surface-coated paper, and the single question is whether it shall be classified for duty under paragraph 398 or paragraph 401 of the Tariff Act of July 24, 1897 (30 Stat. 188, 189, c. 11, § 1, Schedule M [U. S. Comp. St. 1901, pp. 1671, 1672]).   Paragraph 398 covers "surface-coated papers not specially provided for in this act."   Paragraph 401 covers "handmade paper," both plain and "ruled, bordered, embossed, printed or decorated in any manner," but without the qualification "not specially provided for in this act."   Under familiar principles of construction (U. S. v. Reiss & Brady, 136 Fed. 741, 69 C. C. A. 393) it should be classified under paragraph 401, being a surface-coated paper which is specially provided for as "handmade."   The court below followed a former ruling of the Circuit Court (Miller v. U. S. [C. C.] 128 Fed. 469) that the handmade papers referred to in paragraph 401 must be ejusdem generis with the

writing, letter, bond, note, drawing, and similar papers enumerated therein. This court, however, in Benneche v. U. S. (C. C. A.) 153 Fed. 861, disapproved of that construction, holding that the phrase "handmade" in paragraph 401 was not to be thus restricted. That decision controls this case.

Decision reversed.