REISS & BRADY v. UNITED STATES.

(Circuit Court, S. D. New York. May 23, 1908.)

No. 4,753.

CUSTOMS DUTIES — CLASSIFICATION — FRUIT IN MARASCHINO—"EDIBLE FRUITS * * * PREPARED IN ANY MANNER."

In construing Tariff Act July 24, 1897, c. 11, § 1, Schedule G, pars. 262, 263, 30 Stat. 171 (U. S. Comp. St. 1901, p. 1651), which paragraphs relate respectively to "edible fruits * * * prepared in any manner" and to "fruits preserved in * * * spirits or in their own juices," *held*, that fruit in maraschino is dutiable under the former, rather than that the latter, provision.

On Application for Review of Decisions by the Board of United States General Appraisers.

The decisions below affirmed the assessment of duty by the collector of customs at the port of New York, on the authority of G. A. 6,473 (T. D. 27,690).

Comstock & Washburn (Albert H. Washburn and J. Stuart Tompkins, of counsel), for importers.

D. Frank Lloyd, Asst. U. S. Atty.

PLATT, District Judge. The importations involved herein consist of cherries or other fruits in maraschino. They were assessed by the collector at 1 cent per pound and 35 per cent. ad valorem under the provisions of paragraph 263 of the tariff act of 1897, and are claimed by the importers to be properly dutiable, first, at 2 cents per pound under paragraph 262 of said act, or, secondly, at 20 per cent. ad valorem under section 6 of said act. (Act July 24, 1897, c. 11, § 1, Schedule G, pars. 262, 263, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651]). The Board of General Appraisers sustained the classification of the collector, from which decision the importers have appealed. Further testimony has been taken in this court since the decision of the Board was rendered.

In accordance with my understanding of the reasoning adopted by the Circuit Court of Appeals in Causse Mfg. Co. v. United States, 151 Fed. 4, 80 C. C. A. 461, I am constrained to hold that the articles in question cannot be classified under paragraph 263 as "fruits preserved in sugar, molasses, spirits, or in their own juices," but fall rather under the provision in paragraph 262 for "edible fruits * * * prepared in any manner, not specially provided for."

The decision of the Board of General Appraisers is reversed.