### DAVIES, TURNER & CO. v. UNITED STATES.

(Circuit Court, D. Massachusetts. July 7, 1909.)

No. 556 (2,053).

CUSTOMS DUTIES (§ 36*) — CLASSIFICATION — "PRINTING PAPER SUITABLE FOR BOOKS AND NEWSPAPERS"—"HANDMADE PAPER."

Handmade paper suitable for printing books and newspapers is dutiable as "printing paper * * * suitable for books and newspapers," under Tariff Act July 24, 1897, c. 11, § 1, Schedule M, par. 396, 30 Stat. 187 (U. S. Comp. St. 1901, p. 1671), rather than as "handmade * * * paper," under par. 401, 30 Stat. 189 (U. S. Comp. St. 1901, p. 1672).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 36.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On Application for Review of a Decision by the Board of United States General Appraisers.

Comstock & Washburn and Searle & Pillsbury (Albert H. Washburn, of counsel), for importers.

William H. Garland, Asst. U. S. Atty.

LOWELL, Circuit Judge. This is an appeal from the decision of the Board of General Appraisers holding a certain importation of paper dutiable under paragraph 401 of the Dingley act (Act July 24, 1897, c. 11, § 1, Schedule M, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1672]), rather than under paragraph 396, as contended by the importers. The paragraphs are as follows:

"396. Printing paper, unsized, sized or glued, suitable for books and newspapers, valued at not above two cents per pound, three-tenths of one cent per pound; valued above two cents and not above two and one-half cents per pound, four-tenths of one cent per pound; valued above two and one-half cents per pound and not above three cents per pound, five-tenths of one cent per pound; valued above three cents and not above four cents per pound, six-tenths of one cent per pound; valued above four cents and not above five cents per pound, eight-tenths of one cent per pound; valued above five cents per pound, fifteen per centum ad valorem. * * * *"

"401. Writing, letter, note, handmade, drawing, ledger, bond, record, tablet and typewriter paper, weighing not less than ten pounds and not more than fifteen pounds to the ream, two cents per pound and ten per centum ad valorem; weighing more than fifteen pounds to the ream, three and one-half cents per pound and fifteen per centum ad valorem; but if any such paper is ruled, bordered, embossed, printed or decorated in any manner, it shall pay ten per centum ad valorem in addition to the foregoing rates: Provided, that in computing the duty on such paper every one hundred and eighty thousand square inches shall be taken to be a ream."

The importation was handmade printing paper, suitable for books and newspapers. It was thus within the terms of both paragraphs. Both parties agree that an importation of this sort was held dutiable under paragraph 396 by Judge Wheeler in Miller v. United States (C. C.) 128 Fed. 469. Judge Wheeler's decision was affirmed by the Circuit Court of Appeals for the Second Circuit without an opinion in 135 Fed. 349, 68 C. C. A. 131. The United States contends that the latter court has, in effect, overruled the Miller Case in United States v. Benneche, 153 Fed. 861, 83 C. C. A. 43, and United States v. Seyd, 158 Fed. 408, 85 C. C. A. 518.

But in the Benneche Case, the importation was "handmade India transfer paper imported from China, * * * used for making lithographic transfers, and is sold to dealers in lithographic supplies." Certainly it was not printing paper suitable for books and newspapers, and in the Benneche Case the question was not between paragraphs 396 and 401, but between 401 and 402. The importation was correctly described under 401. Therefore it did not fall into the catch-all of paragraph 402. In the opinions of Judge Wheeler and Judge Lacombe disapproval was expressed of a dictum in the opinion of the former in the Miller Case; but Judge Wheeler implied that he still held by the decision in the Miller Case, and Judge Lacombe implied nothing to the contrary. The Benneche Case did not overrule the Miller Case.

In the Seyd Case the importation was of handmade surface-coated

paper. As handmade paper was specifically provided for in paragraph 401, the importation did not fall into the minor catch-all of paragraph 398, "surface-coated papers not specially provided for in this act." So far as I can perceive, this decision had nothing to do with the Miller Case, except that disapproval of the unnecessary dictum contained therein was reiterated.

It follows that, in a decision not overruled, the Circuit Court of Appeals for the Second Circuit has held the importation here in question to be dutiable under paragraph 396. Further discussion is unnecessary in the case at bar. I may add that I find nothing in the Miller Case which leads me to believe it intrinsically erroneous.

Judgment of Board of General Appraisers to be reversed.