UNITED STATES *v.* FRUIT PRODUCTS CORPORATION (No. 2415).[1]

1. CONSTRUCTION, PARAGRAPH 737, TARIFF ACT OF 1922—" CHERRIES, IN IN THEIR NATURAL STATE, SULPHURED, OR IN BRINE."

The first part of paragraph 737, tariff act of 1922, by the language "Cherries, in their natural state, sulphured, or in brine" provides for cherries in their natural state, cherries sulphured, and cherries in brine. It does not classify cherries in their natural state sulphured and cherries in their natural state in brine.

2. CONSTRUCTION, PARAGRAPH 737, TARIFF ACT OF 1922.—RELATIVE SPECIFICITY.—"CHERRIES * * * SULPHURED, OR IN BRINE"—"CHERRIES PREPARED OR PRESERVED IN ANY MANNER."

Cherries sulphured and cherries in brine are prepared and preserved in a special particular way. Consequently the provision in paragraph 737, tariff act of 1922, for them is more specific than the general provision in the same paragraph for "cherries prepared or preserved in any manner."

3. CHERRIES IN BRINE, PITTED AND SULPHURED.

Cherries, whether pitted or not, are still cherries; and, when sulphured and in brine, are dutiable at 2 cents per pound, and not at 40 per cent ad valorem under paragraph 737, tariff act of 1922.

United States Court of Customs Appeals, November 4, 1924

APPEAL from Board of United States General Appraisers, G. A. 8787 (T. D. 40160)

[Affirmed.]

*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence* and *Marcus Higginbotham,* special attorneys, of counsel), for the United States.
*George B. Hayes* (*Charles E. McMahon* of counsel) for appellee.

[Oral argument October 16, 1924, by Mr. Lawrence and Mr. McMahon]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

Cherries in brine, pitted and sulphured, were classified by the collector of customs at the port of New York as cherries "prepared or preserved in any manner" and assessed for duty at 40 per cent ad valorem under that part of paragraph 737 of the act of 1922 which in part reads as follows:

PAR. 737. * * . * Cherries prepared or preserved in any manner, 40 per cent ad valorem.

---

[1] T. D. 40486.

The importer protested that the importation was cherries sulphured or in brine and that the merchandise was therefore dutiable at 2 cents per pound under that part of paragraph 737, which reads as follows:

Cherries, in their natural state, sulphured, or in brine, 2 cents per pound.

The Board of General Appraisers sustained the importer's protest and the Government appealed.

The Government contends, first, that as pitted cherries are not cherries in their natural state they are not covered by the language used in the opening sentence of paragraph 737; second, that pitting is a preparing of cherries and that consequently they are dutiable as cherries "prepared in any manner" under the closing provision of the paragraph.

We can not agree with either contention.

The first provision of paragraph 737 provides for cherries in their natural state, cherries sulphured, and cherries in brine and not for cherries sulphured or cherries in brine which are in their natural state.

Cherries whether pitted or not are still cherries and if sulphured or packed in brine would *come within the designation cherries sulphured or cherries in brine.* Cherries sulphured and cherries in brine are prepared and preserved in a special particular way and are therefore a special particular limited class of prepared and preserved cherries. The designation cherries sulphured or in brine is consequently less comprehensive and more specific than the designation cherries prepared or preserved in any manner, which designation is broad enough to include all prepared or preserved cherries. As a tariff provision which provides for all kinds of prepared or preserved cherries must give way to a provision which covers only that class of prepared or preserved cherries which are sulphured or packed in brine, the importation should have been assessed for duty at 2 cents per pound and not at 40 per cent, as found by the collector. In Causse Mfg. Co. *v.* United States (151 Fed. 4; T. D. 27751), the question of relative specificity was not involved, and that case is therefore not in point as to the issue raised by this appeal.

The judgment of the Board of General Appraisers is *affirmed.*