UNITED STATES *v.* ORESTE FRANCHI ET AL. (No. 2803)[1]

COMMERCIAL DESIGNATION—PRESUMPTION FAVORS CUSTOMS COURT—CHERRIES, PITTED, IN BRINE, AND SULPHURED.

With the evidence conflicting, the decision of the United States Customs Court that commercial designation excluding pitted cherries from the provision of paragraph 737, Tariff Act of 1922, for "Cherries, * * * sulphured or in brine" was not shown, is affirmed. Protest claiming such classification of cherries in brine, pitted and sulphured, against assessment as "Cherries prepared or preserved in any manner," under the same paragraph was rightly sustained upon the authority of *United States* v. *Fruit Products Corporation,* 12 Ct. Cust. Appls. 337, T. D. 40486.

United States Court of Customs Appeals, January 13, 1927

APPEAL from United States Customs Court, T. D. 41620

[Affirmed.]

*Charles D. Lawrence*, Assistant Attorney General (*Ralph Folks* and *Marcus Higginbotham*, special attorneys, of counsel), for the United States.

*Allan R. Brown* and *Curie, Lane & Wallace* for appellees.

---

[1] T. D. 41959.

[Oral argument October 8, 1926, by Mr. Folks, and Mr. Brown and Mr. Lane]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

Merchandise, described by the appraiser in the answers to the several protests as "cherries in brine (whole) pitted and sulphured, packed in barrels," was assessed for duty by the collector at 40 per centum ad valorem under paragraph 737 of the Tariff Act of 1922 as "cherries prepared * * * in any manner." Paragraph 737 provides as follows:

PAR. 737. Cherries, in their natural state, sulphured, or in brine, 2 cents per pound; maraschino cherries and cherries prepared or preserved in any manner, 40 per centum ad valorem.

It was claimed in the several protests that the merchandise was dutiable at 2 cents per pound under paragraph 737 as "cherries, * * * sulphured, or in brine."

On the trial below the protests were consolidated. The importers offered in evidence the reports of the appraiser in answer to the protests, and rested. Thereupon the Government attempted to prove that, at and immediately prior to the passage of the Tariff Act of 1922, there existed in the trade and commerce of the United States a definite, uniform, and general commercial understanding of the descriptive statutory provision "cherries, * * * sulphured, or in brine;" that the trade understanding was different from the common acceptation of such terms; and that, as understood in the trade, the language "cherries, sulphured, or in brine," included *unpitted* cherries sulphured, or in brine, and excluded *pitted* cherries put up in a similar manner. The testimony of five witnesses was submitted in support of the contention of the Government.

The importers denied the existence of such trade understanding and submitted the testimony of nine witnesses in support of their contention.

The evidence in the case is voluminous. It establishes that, at and immediately prior to the passage of the Tariff Act of 1922, pitted cherries sulphured and in brine were bought and sold in the wholesale markets of the United States; and that, before the advent of such cherries in the wholesale markets of the United States, an unqualified order for "cherries, sulphured or in brine," or for "cherries sulphured and in brine," or for "cherries in brine" was understood by the trade as an order for "unpitted cherries, sulphured and in brine." Upon the question of whether pitted cherries, at and immediately prior to the passage of the Tariff Act of 1922, were included within or excluded from the trade understanding of the descriptive language "cherries, sulphured and in brine," the witnesses disagreed.

The trial court found from the evidence that pitted cherries were included in the trade understanding of the language "cherries, sulphured and in brine," and, in conformity with such finding, and upon the authority of the case of *United States* v. *Fruit Products Corporation*, 12 Ct. Cust. Appls. 337, T. D. 40486, the protests were sustained.

The decision of this court in *United States* v. *Fruit Products Corporation, supra*, is concisely stated in the head notes, which read as follows:

The first part of paragraph 737, tariff act of 1922, by the language "Cherries, in their natural state, sulphured, or in brine" provides for cherries in their natural state, cherries sulphured, and cherries in brine. It does not classify cherries in their natural state sulphured and cherries in their natural state in brine.

Cherries sulphured and cherries in brine are prepared and preserved in a special particular way. Consequently the provision in paragraph 737, tariff act of 1922, for them is more specific than the general provision in the same paragraph for "cherries prepared or preserved in any manner."

Cherries, whether pitted or not, are still cherries; and, when sulphured and in brine, are dutiable at 2 cents per pound, and not at 40 per cent ad valorem under paragraph 737, tariff act of 1922.

With the exception of the issue of commercial designation, the questions argued by counsel for the Government in this case have been decided by this court in the *Fruit Products Corporation* case. We think it unnecessary, therefore, to discuss those questions in this opinion.

It is argued by counsel for the appellees that the language "Cherries, * * * sulphured, or in brine" was not intended to be limited or extended by commercial understanding, but should be interpreted according to its common and ordinary meaning.

From our view of the case it is unnecessary to decide this question. We assume, therefore, without deciding, that the issue of commercial designation was properly before the trial court.

The evidence upon this issue is conflicting. The trial court found in favor of the appellees. We have examined the evidence with care and we are unable to say that the decision below is contrary to the weight thereof.

The judgment is therefore *affirmed*.