. F. H. SHALLUS & Co. ET AL. *v.* UNITED STATES (No. 3326) [1]

United States Court of Customs and Patent Appeals, January 28, 1931

William L. Wemple for appellants.

Charles D. Lawrence, Assistant Attorney General (Marcus Higginbotham, special attorney, of counsel), for the United States.

[Oral argument December 9, 1930, by Mr. Wemple and Mr. Higginbotham]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The appeal now before us includes 153 entries of egg albumen. The collector classified it for duty at 18 cents per pound under paragraph 713 of the Tariff Act of 1922, which is as follows:

PAR. 713. Eggs of poultry, in the shell, 8 cents per dozen; whole eggs, egg yolk, and egg albumen, frozen or otherwise prepared or preserved, and not

---

[1] T. D. 44585.

specially provided for, 6 cents per pound; dried whole eggs, dried egg yolk, and dried egg albumen, 18 cents per pound.

The importers protested, claiming the goods to be dutiable at 6 cents per pound as egg albumen prepared or preserved, under the same paragraph, with alternative claims that the same were free of duty under paragraph 1569, as eggs, or dutiable under paragraph 1459, as articles not manufactured and not enumerated. No reliance has been placed upon the last two grounds of protest, and they will not be further considered. The court below overruled the protest, and the importers have appealed, and contend here that the article of importation should have been classified as egg albumen prepared or preserved.

This importation comes from China. The eggs are taken to factories. There the whites are separated from the yolks and these whites are placed in barrels where they are permitted to remain and undergo a process of fermentation for a period which depends somewhat upon the temperature of the factory, a shorter time being required when the weather is warm than when it is cool. During the process of fermentation a scum rises to the top of the liquid, which consists of pieces of shell, the stringy portions of the white, the germ of the egg and other more solid portions. Some sediment also settles to the bottom of the vessel. When a proper period of fermentation has elapsed, the scum is taken off and liquid ammonia is added to the extent of about one-half a pound to from 40 to 50 gallons of the material. This changes the material from an alkaline to an acid solution. The clear material resulting is then drawn off through a spigot, placed in pans and taken to a drier where it is subjected to a temperature of from 125° to 135° F. By this drying process it is reduced to a solid, containing about 16 per centum of water. This solid mass is then taken out of the pans and broken up, either with machinery or with sticks, by the workmen, and in this form it is exported and becomes the article now before us. In appearance it looks something like pieces of broken amber. It is used for making meringue, marshmallow, and for candy purposes.

Some argument is offered here that the egg albumen has been changed from its original character in the process to which it is subjected. That is an immaterial issue here. The appellee, in order to maintain his protest, must and does allege that the material is *egg albumen* prepared or preserved; hence, for the purposes of this case, it must be so considered. There can be no question that this egg albumen has been prepared. *Amerman & Patterson* v. *United States*, 12 Ct. Cust. Appls. 117, T. D. 40047; *United States* v. *Makaroff*, 16 Ct. Cust. Appls. 531, T. D. 43263; *Stone & Downer Co.* v. *United States*, 17 C. C. P. A. (Customs) 34, T. D. 43323. Likewise, there can be no question that it has been dried. The mere fact that

it contains 16 per centum of water does not, under this record, prevent it from being the product that is usually and commercially known as dried egg albumen. It has every appearance of dryness to the casual observer. If, therefore, the albumen is both dried and prepared, there can be but one conclusion in the matter, namely, that it must be classified as dried, for it must be conceded, we think, that the expression "dried egg albumen" is more specific than "egg albumen prepared or preserved." The term "preparation or preservation" may cover many processes. The term "dried egg albumen," however, is specific and covers but one. *United States* v. *Fruit Products Corp.*, 12 Ct. Cust. Appls. 337, T. D. 40486, is a case in point. There the contest was between cherries prepared in any manner, and cherries sulphured or in brine. The cherries in question were shown to have been pitted, sulphured, and in brine. The court found that the cherries were not only prepared, but that they were also sulphured and in brine, found the latter provision more specific, and directed them to be so classified.

A like situation confronts us here, and the judgment of the United States Customs Court is *affirmed*.