## F. MASTRONARDI, INC. *v.* UNITED STATES (No. 4251) [1]

United States Court of Customs and Patent Appeals, March 20, 1940

*Barnes, Richardson & Colburn* (*Eugene F. Blauvelt* of counsel) for appellant.

*Webster J. Oliver*, Assistant Attorney General (*Charles D. Lawrence*, Special Assistant to the Attorney General, and *Daniel G. McGrath*, special attorney, of counsel), for the United States.

[Oral argument December 7, 1939, by Mr. Blauvelt and Mr. Lawrence]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

GARRETT, Presiding Judge, delivered the opinion of the court:

This is an appeal by importer from the judgment of the United States Customs Court, Third Division, overruling protests by which

[1] C. A. D. 110.

recovery was sought of certain duties assessed and collected, under the Tariff Act of 1930, by the Collector of Customs at the port of New York on merchandise, imported from Italy, described by the local appraiser as figs stuffed with almonds. Two protests are involved, the cases having been consolidated for trial.

The merchandise was classified as figs prepared or preserved, not specially provided for, and duty assessed at 40 per centum ad valorem under paragraph 740 of the Tariff Act of 1930, which paragraph reads:

PAR. 740. Figs, fresh, dried, or in brine, and fig paste, 5 cents per pound; prepared or preserved, not specially provided for, 40 per centum ad valorem.

The importer claims alternatively under paragraphs 1558, 1559, and 752 of the act, the pertinent parts of which read:

PAR. 1558. That there shall be levied, collected, and paid on the importation * * *, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

PAR. 1559. That each and every imported article, not enumerated in this Act, which is similar, either in material, quality, texture, or the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned; and if any nonenumerated article equally resembles two or more enumerated articles on which different rates of duty are chargeable, there shall be levied on such nonenumerated article the same rate of duty as is chargeable on the article which it resembles paying the highest rate of duty; * * *.

PAR. 752. * * * mixtures of two or more fruits, prepared or preserved, 35 per centum ad valorem; * * *.

The claim with respect to the last quoted paragraph is that the merchandise is dutiable either directly or by similitude in conformity with paragraph 752, *supra,* as "mixtures of two or more fruits, prepared or preserved."

It is deduced from the testimony of the importer, the only witness called, taken in connection with exhibits of the merchandise in evidence, that it was prepared by partly splitting fresh figs, leaving the two halves joined at the tips, and drying them in the sun, after which drying raw almond kernels were placed between the halves, one kernel to each fig, and two of the figs so split with their inserted kernels were, to use the phrase of the witness, "put together like a sandwich" and baked in an oven. After being baked they are packed in baskets, the layers being sprinkled with anise seed and some bay leaves placed on them.

The testimony is to the effect that figs similarly stuffed are sold in Italy in a dried form without being baked; that the baking process changes the appearance of the figs so that they "become like a golden color"; that in the baking process the almond kernels are roasted; that the almond flavor can be tasted after the articles are baked; that the flavor of the baked articles is different from "ordinary dried figs" and that the products are "seasonal" in the United States coming

in "around October, November, and some in September, the end of September."

It is urged on behalf of appellant that the imported articles are not figs prepared or preserved within the meaning of paragraph 740, *supra*, that it "has long been a well established principle of customs law that an article such as figs which has been combined with other materials and subjected to additional processes loses its identity and is not dutiable under an *eo nomine* provision for the original article," and various cases are cited with the contention that the principle applied in such cases is applicable here. Among the cases so cited is that of *Fantini & Latoraco et al.* v. *United States*, Abstract 32056, embraced in T. D. 33348, 24 Treas. Dec. 556. The abstract decision, which was that of the Board of General Appraisers (now the United States Customs Court) is as follows:

Baked figs stuffed with almonds, assessed as sweetmeats under paragraph 274, tariff act of 1909, were claimed to be dutiable as fruits, preserved (par. 274), as figs (par. 275), or as nonenumerated manufactured articles (par. 480). Protests overruled. United States *v.* Reiss (136 Fed., 741; T. D. 25946) followed; G. A. 1231 (T. D. 12547) cited.

We do not regard that case as controlling here. The 1909 tariff act contained an *eo nomine* provision for "Figs," but none for "figs, prepared or preserved." It also contained an *eo nomine* provision for "sweetmeats," a provision not found in the Tariff Act of 1930. There is in paragraph 506 of the latter act a provision for "* * * all confectionery not specially provided for, 40 per centum ad valorem," but no claim was made under that paragraph and we have no occasion to inquire as to its applicability here.

Appellant also cites our decision in the case of *Renken & Yates Smith Corp.* v. *United States*, 22 C. C. P. A. (Customs) 225, T. D. 47143, where articles made by inserting comparatively thick layers of cheddar cheese between two crackers, the crackers having been baked before the insertion of the cheese, were held to be something more than biscuits and so not within the provision of the tariff law for "Biscuits * * * and similar baked articles."

The distinction between the merchandise involved in that case and the merchandise at bar is obvious. The merchandise there consisted of cheese sandwiches in the ordinary meaning of the term "sandwich." The merchandise here, while it may have been arranged in a form similar to that of a sandwich, cannot be said to be a sandwich, as that term is commonly understood. So, we do not regard that case as being controlling here.

The same is true of various other cases cited in the brief on behalf of appellant, and no review of them is deemed necessary. In its decision the trial court referred to and recited certain legislative history appertaining to paragraph 740, *supra*, and seems to have relied upon

that history, to some extent, in reaching its conclusion. As we view the matter there is no ambiguity in the phrase "Figs * * * prepared or preserved, not specially provided for," and, hence, we deem a resort to legislative history unnecessary. We do not believe that it was the intent of Congress in providing for figs prepared or preserved to limit the product to one consisting of figs only. Certainly other ingredients may be combined with figs in their preparation or in their preserving, and it seems to us that so long as the inherent character of the fig is not changed by such processing it should be held to fall squarely within the *eo nomine* provision. Here the essential character of the figs has not been altered; they remain figs. It may be that the nut inserted affects the flavor and the baking affects the color, but these facts do not alter the actual nature of the figs. Had they been imported without the kernels being inserted there could be no claim, we think, that the other processing affected their classification. They would be figs prepared or preserved, and to hold that by the mere insertion of the kernel they should be removed from that classification and take a lower rate of duty would create an anomalous situation. We do not undertake to lay down any general rule applicable to figs treated in other ways than those here involved were treated. It is possible that there might be such an admixture of figs and nuts, or figs and other products, that the elemental character of the figs would be so altered as to remove them from classification under paragraph 740, *supra*, but we are satisfied that the treatment given those here involved has not so changed their nature as to remove them from the paragraph. We are of opinion that the nuts were such an inconsequential part of the article that they should be ignored.

The judgment of the United States Customs Court is *affirmed*.

BLAND, Judge, specially concurring:

I concur with the result reached solely on the ground relied upon by the trial court that Congress was told by the Tariff Commission when it was framing the act that figs, stuffed with nuts, came within the class of merchandise provided for as "figs * * * prepared or preserved." If it were not for such legislative history, I would have considerable difficulty in concluding that a fig may be split and have inserted one or two almonds, a wholly different product, and the resulting product still remains figs, prepared or preserved. I think it is contrary to the decision in the "cheddar sandwich" case—*Renkin & Yates Smith Corp.* v. *United States*, 22 C. C. P. A. (Customs) 225, T. D. 47143—and unless the nuts are to be regarded as inconsequential or as a mere flavoring, their presence cannot be ignored in determining whether or not the imported product is something more than a prepared or preserved fig.

I think, were it not for the fact that Congress regarded them as prepared and preserved figs, when it acted upon the information which

had been furnished it, that the imported merchandise would be more than prepared or preserved figs and would be a nonenumerated manufactured article. Let us suppose there were half a dozen nuts inserted between the small halves of the figs. Would it still be said that they were figs, prepared? Where will we draw the line?

Without considering the said legislative history, I would hestitate to regard the nuts as inconsequential. Under the holdings of this court and the Supreme Court of the United States, the legislative history cited by the trial court is pertinent and proper for consideration and affords the best possible basis for support of the judgment appealed from.

HATFIELD, Judge, specially concurring:

I am in accord with all that is said in the majority opinion, except that I am not prepared to agree that, as stated therein, "there is no ambiguity in the phrase 'Figs  *  *  *  prepared or preserved, not specially provided for.'"