U. H. DUDLEY & CO. v. UNITED STATES.

PAUL TAYLOR BROWN CO. v. SAME.

(Circuit Court, S. D. New York. July 18, 1906.)

Nos. 3,705, 3,706.

CUSTOMS DUTIES—CLASSIFICATION—PINEAPPLES IN SUGAR.

The provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 263, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651], for "pineapples preserved in their own juice," held not to include pineapples in which sugar has been used as a preservative. They are dutiable under the provision in the same paragraph for fruit preserved in sugar.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below see G. A. 5,787 (T. D. 25,577), affirming the assessment of duty by the collector of customs at the port of New York.

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

D. Frank Lloyd, Asst. U. S. Atty.

WHEELER, District Judge. The question here is whether these pineapples are "preserved in their own juice," as protested, or in sugar as classified under Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 263, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651]. The opinion of the board shows clearly that sugar was used as a preservative in putting up these goods, and the evidence taken in this court does not make it appear otherwise. The decision of Judge Platt [Johnson v. U. S. (C. C.) 143 Fed. 839], as to preserved pineapples, would be controlling if the findings or results of the evidence were the same, but they do not appear to be. It is said that pineapples cannot be preserved in their own juices, and that therefore there is strictly no such thing as pineapples preserved in their own juices to which this provision of the act can apply. But, if that is so, the articles must fall elsewhere, and these protests cannot be sustained.

Decisions affirmed.