UNITED STATES v. J. S. JOHNSON & CO.

(Circuit Court of Appeals, Second Circuit. January 8, 1907.)

No. 91 (3,398).

CUSTOMS DUTIES—CLASSIFICATION—PRESERVED PINEAPPLES.

Pineapples preserved in cans in their own juice, with 3 per cent. of sugar added for flavoring, and not aiding substantially in the preservation, which is accomplished by the canning process, *held* dutiable as "pineapples preserved in their own juice," and not as fruit preserved in sugar, under Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 263, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651].

Appeal from the Circuit Court of the United States for the Southern District of New York.

For decision below, see 143 Fed. 915, reversing a decision of the Board of United States General Appraisers, G. A. 5,352 (T. D. 24,494), which had affirmed the assessment of duty by the collector of customs at the port of New York.

The merchandise consists of pineapples in tin cans. The question at issue is whether it is dutiable under the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 263, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651], for "fruits preserved in sugar," as held by the collector and the Board of General Appraisers, or under the further provision in the same paragraph for "pineapples preserved in their own juice," as held in the court below. It appears from the opinion by Judge Platt in the Circuit Court that the pineapples as found in the cans contained nearly 14 per cent. of sugar, a little over 3 per cent. of which consisted of cane sugar extrinsically added in the process of preparation, that this sugar seemed to have been introduced rather in the way of flavoring than as aiding substantially in the preservation of the fruit, and that the preservation was principally accomplished by the juice of the fruit together with the boiling and other canning processes. The court expressed the view that, "when Congress referred to fruits preserved in sugar, it meant fruits in which sugar plays a prominent and important part," and that therefore the pineapples in dispute were more properly classed as preserved in their own juice.

D. Frank Lloyd, Asst. U. S. Atty.

Walden & Webster (Howard T. Walden, of counsel), for importers.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. We concur fully in Judge Platt's opinion. Incidentally reference may be made to our recent decision in A. L. Causse Co. v. U. S., 151 Fed. 4 (Dec. 4, 1906), where we held that certain cherries were not "preserved in their own juice" when the juices which were retained in them only tended to produce their decay. In the case at bar the preservative qualities are found in the juice itself, the boiling of the pineapple in the juice and the hermetically sealing of the contents in the tin cans.

The decision is affirmed.