### U. H. DUDLEY & CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. March 26, 1907.)

No. 228 (3,705).

CUSTOMS DUTIES—CLASSIFICATION—PINEAPPLES PRESERVED IN OWN JUICE—ADDED SUGAR.

The addition of from 2.28 to 8.82 per cent. of sugar to pineapples preserved in cans in their own juice does not remove the fruit from the provision for "pineapples preserved in their own juice," in Tariff Act July 24, 1897, c. 11, § 1. Schedule G, par. 263, 30 Stat. 171 [U. S. Comp. St. 1901. p. 1651], to the provision in the same paragraph for "fruits preserved in sugar."

Appeal from the Circuit Court of the United States for the Southern District of New York.

For decision below, see 148 Fed. 333, affirming a decision of the Board of United States General Appraisers (G. A. 5,787 [T. D. 25,-577]), which had affirmed the assessment of duty by the collector of customs at the port of New York.

The articles in controversy consist of Singapore pineapples in tin cans. They were classified as "fruits preserved in sugar," under Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 263, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651], and were claimed by the importers to be dutiable under the provision in the same paragraph for "pineapples preserved in their own juice." The Board of General Appraisers found that cane sugar had been added in the preserving process in quantities varying from 2.28 to 8.82 per cent., and affirmed the assessment of duty, on the basis of the conclusions stated as follows in the Board's opinion:

"Somerville, General Appraisers. We are disposed, therefore, after due consideration, to adopt the following principles for the classification of goods

153 F.—56

of this kind: (1) Where the chemical analysis shows not over 14 per cent. of total sugar, including both invert and cane sugar, and the chemist expresses no expert opinion on the subject, the goods are prima facie subject to classification as pineapples preserved in their own juice and not in sugar, and are therefore dutiable at 25 per cent. ad valorem, under the last clause of said paragraph 263. (2) Where the percentage of total sugars runs over 14 per cent. and there is no expert opinion expressed by the chemist as to whether or not cane sugar has been extrinsically added, the probability is nevertheless that such cane sugar has been added, and the goods are, accordingly, pineapples preserved in sugar, and are dutiable at 35 per cent. ad valorem and one cent per pound, under said paragraph 263."

Comstock & Washburn (J. Stuart Tompkins, of counsel), for importers.

D. Frank Lloyd, Asst. U. S. Atty.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. Since the decision of this cause at circuit, our opinion has been filed in U. S. v. Johnson (Jan. 8, 1907) 152 Fed. 164, in which we had before us pineapples similarly preserved, except that the cans contained a trifle less sugar.

We are unable to distinguish between the two causes, and therefore the decision of the Circuit Court is reversed.