MAURER v. UNITED STATES.

(Circuit Court, S. D. New York. December 17, 1907.)

No. 4,909.

CUSTOMS DUTIES—APPEAL—ADDITIONAL EVIDENCE—FAILURE OF IMPORTER TO RECEIVE NOTICE OF HEARING.

The rule that no evidence may be introduced on appeal from the Board of General Appraisers by the importer, where he offered none before the board, *held* to apply even though he failed to receive the board's notice of hearing, where the failure was due to his own fault.

On Application for Review of a Decision by the Board of United States General Appraisers.

Walden & Webster (Howard T. Walden, of counsel), for importer. D. Frank Lloyd, Asst. U. S. Atty.

MARTIN, District Judge. The importations in question consisted of canned pineapples from Singapore, which were assessed for duty by the collector of the port at the rate of 1 cent per pound and 35 per cent. ad valorem, under the provisions of paragraph 263 of the Tariff Act of July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 171 (U. S. Comp. St. 1901, p. 1651), as "fruit preserved in sugar." The importer protested, claiming the merchandise to be properly dutiable at 25 per cent. ad valorem under the provision contained in said paragraph 263 for "pineapples preserved in their own juice."

The government contends that the importer did not appear and offer testimony before the Board of Appraisers, and therefore the testimony of the witnesses introduced in the Circuit Court shall be excluded. The importer states, however, that he had no notice of the hearing before the Board of General Appraisers, that he duly entered his protest, and heard nothing from it until he learned of the decision. He states in cross-examination that he was away on a wedding tour for several weeks about the time of these proceedings before the board.

It well enough appears that notice was duly issued to the importer. His failure to receive it was due to the fact that he was away, and left no one to look after it. The failure to appear was his own fault. He having submitted no evidence before the board I hold that the evidence taken in this court is inadmissible, and therefore the case must stand upon the facts shown before the board.

The Board of General Appraisers upon the authority of Dudley v. U. S. (C. C.) 148 Fed. 333, affirmed the action of the collector. But since then the decision in the Dudley Case has been reversed by the Circuit Court of Appeals, 153 Fed. 881, 82 C. C. A. 627. Had the latter decision been handed down before the board acted in the case at bar it is apparent it would not have held the pineapples in question dutiable as fruit preserved in sugar. There was no claim made upon the hearing that the amount of sugar found in the pineapples in the Dudley Case differed materially from the amount found in the pineapples here in question. In fact it was so conceded by counsel for the government.

In view of the cases above cited, even excluding the evidence of the importer taken in this court, and resting the case squarely upon the evidence as it stood before the Board of Appraisers, I think the decision must be reversed. So ordered.