### UNITED STATES v. J. S. JOHNSON & CO.

### SAME v. MAURER.

#### (Circuit Court, S. D. New York. November 28, 1908.)

#### Nos. 5,153, 5,154.

CUSTOMS DUTIES (§ 30*)—CLASSIFICATION—PRESERVED PINEAPPLES—"PRESERVED IN THEIR OWN JUICE."

   Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 263, 30 Stat. 171 (U. S. Comp. St. 1901, p. 1651), provides for fruit preserved in sugar and for "pineapples preserved in their own juice." *Held*, as to pineapples in hermetically sealed cans, in their own juice, but with 7 to 20 per cent. of sugar added for flavoring only, that they were dutiable under the latter rather than the former provision.

   [Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 75; Dec. Dig. § 30.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

In the decision below, G. A. 6,684 (T. D. 28,574), the Board of General Appraisers reversed the assessment of duty by the collector of customs at the port of New York.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

D. Frank Lloyd, Asst. U. S. Atty., and George B. McClellan, Sp. Asst. U. S. Atty.

Walden & Webster (Howard T. Walden, of counsel), for importers.

MARTIN, District Judge. This is an appeal in behalf of the government from the decision of the Board of General Appraisers, made December 3, 1907, reversing the decision of the collector of customs for the port of New York as to the rate of duty, chargeable on Bahama pineapples hermetically sealed. This case involves the construction of Tariff Act July 24, 1897, c. 11, § 1, par. 263, Schedule G, 30 Stat. 171 (U. S. Comp. St. 1901, p. 1651), and that portion of the paragraph here involved reads:

"Comfits. sweetmeats and fruits preserved in sugar, molasses, spirits, or in their own juices, not specifically provided for in this act, one cent per pound and 35 per centum ad valorem. * * * Pineapples preserved in their own juice, 25 per centum ad valorem."

The collector classified the goods as fruits preserved in sugar, under the first clause of the paragraph, while the board classified them under the last clause as pineapples preserved in their own juice, 25 per cent. ad valorem.

That pineapples are a fruit there can be no question. Are these clauses, "fruits preserved in sugar" and "pineapples preserved in their own juice," to be construed as meaning fruits preserved by means of sugar and pineapples preserved by means of their own juice? There are many fruits to which sugar is added, yet the process of preservation does not depend upon the sugar. This is true as to pineapples. In fact, the evidence shows that the pineapples cannot be preserved by means of their own juice, but they may be preserved without the addition of sugar. They are preserved by sterilizing and hermetically sealing. and the sugar is only added for flavoring. The amount of sugar that the pineapple itself contains is somewhat dependent upon its ripeness. The evidence fairly shows that from 7 to 20 per cent of cane sugar was added to the importation in question, which seems to be a substantial amount. Did Congress intend that pineapples, to be included under the first clause of the paragraph in question as fruit, must have enough cane sugar added to preserve them, whether sterilized and hermetically sealed or not? This case seems to be controlled by the Johnson Case, 152 Fed. 164, 81 C. C. A. 416. In that case, however, the evidence showed that the amount of added sugar was 3 per cent. Had it been from 7 to 20 per cent., as appears in this case, the result might have been different.

The last clause of this paragraph, "pineapples preserved in their own juice," evidently presupposes that there is some other provision for duty on pineapples not so preserved; or, in other words, did not Congress intend that fruits preserved in sugar or in their own juices should pay 1 cent per pound and 35 per cent. ad valorem, except pineapples when preserved in their own juice, 25 per cent. ad valorem only? All fruits, except pineapples, must pay 1 cent per pound and 35 per cent. ad valorem, whether sugar is added or not, and pineapples must be included within the same clause unless they are preserved in their own juice. In fact, they are never preserved by means

of their own juices, as there is nothing in the juice of a pineapple that will preserve it. If there is any appreciable amount of sugar added, are they not preserved in sugar, though not by means of sugar? The facts in this case show that there was an appreciable amount of sugar added. Nevertheless by the reasoning of the Circuit Court of Appeals in this Circuit in the Johnson Case supra, that there must be sugar enough added to preserve the pineapple in order to classify it in the fruit clause of this paragraph, I am constrained to follow that conclusion.

The decision of the Board of General Appraisers is affirmed.