UNITED STATES v. REISS & BRADY.

(Circuit Court of Appeals, Second Circuit.   January 12, 1909.)

No. 131 (4,753).

Customs Duties (§ 30*)—Classification—"Fruit Prepared"—"Fruits Preserved in Sugar, Spirits, or in Their Own Juices."

Fruit preserved in hermetically sealed bottles, surrounded by a light sirup containing no juice and an insignificant amount of alcohol, the preservation being due to the sealing, is not "fruits preserved in sugar, * * * spirits, or in their own juices," within the meaning of Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 263, 30 Stat. 171 (U. S. Comp. St. 1901, p. 1651), but is dutiable under paragraph 262, 30 Stat. 171 (U. S. Comp. St. 1901, p. 1651), as "fruits * * * prepared." In

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

providing for fruit preserved in "sugar." Congress contemplated sugar which causes or materially contributes to the preservation of the fruit.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 75; Dec. Dig. § 39.*

For other definitions, see Words and Phrases, vol. 4, pp. 2993, 2994.]

Appeal from the Circuit Court of the United States for the Southern District of New York.

The court below reversed a decision by the Board of United States General Appraisers (163 Fed. 65), which had affirmed the assessment of duty by the collector of customs at the port of New York. Note G. A. 6,173 (T. D. 27,690).

D. Frank Lloyd, Asst. U. S. Atty.

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. The merchandise is known as "maraschino cherries," which are put up in a light sirup flavored by maraschino, in bottles hermetically sealed. The sirup contains an insignificant quantity of alcohol and no juice. The evidence shows that the sealing and not the sirup is the preservative; several witnesses testifying that after the bottle is opened the cherries keep at the most only a few days. The merchandise was classified under paragraph 263 of the tariff act (Act July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 171 (U. S. Comp. St. 1901, p. 1651):

Comfits, sweetmeats, and fruits preserved in sugar, molasses, spirits, or in their own juices, not specially provided for in this act, one cent per pound and thirty-five per centum ad valorem; if containing over ten per centum of alcohol and not specially provided for in this act, thirty-five per centum ad valorem and in addition two dollars and fifty cents per proof gallon on the alcohol contained therein in excess of ten per centum; jellies of all kinds, thirty-five per centum ad valorem; pineapples preserved in their own juice, twenty-five per centum ad valorem.

The importer contended that it should have been classified under paragraph 262:

Apples, peaches, quinces, cherries, plums, and pears, green or ripe, twenty-five cents per bushel; apples, peaches, pears, and other edible fruits, including berries, when dried, desiccated, evaporated or prepared in any manner, not specially provided for in this act, two cents per pound; berries, edible, in their natural condition, one cent per quart; cranberries, twenty-five per centum ad valorem.

The judge of the Circuit Court sustained the claim of the importers, and we agree with him. The tariff acts of 1883, 1890, and 1894 (Act March 3, 1883, c. 121, Schedule G, 22 Stat. 504; Act Oct. 1, 1890, c. 1244, Schedule G, par. 303, 26 Stat. 587; Act Aug. 27, 1894, c. 349, Schedule G, par. 218, 28 Stat. 521), contained in the corresponding paragraphs both the words "sugar" and "sirup"; but the act of 1897 omits the word "sirup." Even if no weight be given to this omission,

and the word "sugar" be construed to include sirup, we think Congress contemplated sugar which causes or materially contributes to the preservation of the fruit, which, upon the evidence, is not the case here. United States v. Johnson, 152 Fed. 164, 81 C. C. A. 416; Dudley v. United States, 153 Fed. 881, 82 C. C. A. 627.

Judgment affirmed.