## GRAY v. ARMAND CO.

Court of Appeals of the District of Columbia.

Submitted January 13, 1928.   Decided
March 5, 1928.

Petition for Rehearing Denied March 24,
1928.

No. 2022.

1. Trade-marks and trade-names and unfair
competition ⬥⟞1—Office of trade-mark is to
distinctly point out origin ·or ownership of
article.

Office of trade-mark is to distinctly point
out origin or ownership of article to which mark
is attached.

2. Trade-marks and trade-names and unfair
competition ⬥⟞43—To be registered, trade-
mark must be applied to vendible goods sold
in intestate commerce.

To establish right to registration of trade-
mark, it is necessary that it must have been
actually applied to vendible goods, and that
goods have been sold in interstate commerce.

3. Trade-marks and trade-names and unfair
competition ⬥⟞28—Use of picture of girl in
advertising cosmetics, without affixing mark to
goods actually sold, held not "trade-mark
use" (Trade-Mark Act Feb. 20, 1905, § 29
[15 USCA § 108]).

Use of picture of girl as method of adver-
tising cosmetics, without affixing such mark to
goods sold, held not to constitute trade-mark
use, notwithstanding Trade-Mark Act Feb. 20,
1905, § 29 (15 USCA § 108).

Appeal from the Commissioner of Pat-
ents.

Interference proceeding, involving trade-
marks for cosmetics, between Dorothy Gray
and the Armand Company.   Decision of the
Examiner of Trade-Mark Interferences in
favor of the Armand Company was affirmed
by the Commissioner, and Dorothy Gray
appeals.   Reversed.

W. P. Preble, of New York City, for ap-
pellant.

Paul Finckel and J. T. Newton, both of
Washington, D. C., and W. P. Bair, of Des
Moines, Iowa, for appellee.

Before MARTIN, Chief Justice, VAN
ORSDEL, Associate Justice, and SMITH,
Judge of the United States Court of Customs
Appeals.

VAN ORSDEL, Associate Justice.   The
trade-marks in interference are substantial-
ly the same, consisting of the picture of a
girl in similar style dress, slightly differing
in color.   The goods on which the marks are
claimed to have been used by the respective
parties are cosmetics, including face powders,
talcum powders, creams, lipsticks, prepara-

tions for the hair, etc.   The Armand Com-
pany established prior use of the design in
interference.

The Examiner of Trade-mark Interfer-
ences decided in favor of the Armand Com-
pany, his decision was affirmed by the Com-
missioner, and the case is here on appeal.

There is no dispute as to the facts.   It is
contended by counsel for appellant that no
legal trade-mark use has been made by the
Armand Company of its mark, for the reason
that the mark was never affixed, attached, or
applied to any goods which were sold and
passed into the customer's possession.   The
mark was labeled "The Armand Girl."   The
picture was affixed to a box containing pow-
der or cold cream and attached to a block of
wood, which stood on the counter where the
goods were displayed for sale.   This com-
bination, picture, box, and block, was not sold
or in any way conveyed to a customer, but
was retained in the store merely to attract
the attention of customers to the goods.   The
box, attached to the block of wood and stand-
ing on the counter, contained a free sample of
face powder or cold cream, so that customers
desiring to might sample it.   If, however, the
customer should purchase a box of the goods,
the package purchased would not contain
the "Armand Girl" mark.   It is urged, there-
fore, that the use made by appellee company
was merely for advertising purposes, to at-
tract the attention of the public to the goods
on sale.

It also appears that a pamphlet was is-
sued by the Armand Company, which con-
tained on the lower right-hand corner of the
back cover a small picture of the "Armand
Girl."   The front cover contained a silhouette
head of a lady of the time of Louis XVI of
France, which is a trade-mark of the Armand
Company used on face powder packages, and
many other articles.   This pamphlet it was
also claimed was issued for advertising pur-
poses.

[1–3] The sole question, therefore, is wheth-
er or not this constitutes a legal trade-mark
use.   It is settled law that the office of a
trade-mark is to distinctly point out the
origin or ownership of the article to which
the mark is attached.   It follows, therefore,
that, to establish a right to the registration
of a trade-mark, two things are necessary:
That it must have been actually applied to
vendible goods, and that the goods have been
sold in interstate commerce.   As this court
said in Battle Creek Sanitarium Co. v. Ful-
ler, 30 App. D. C. 411: "To constitute a
trade-mark use, the mark must be attached or

applied to the goods. Columbia Mill Co. v. Alcorn, 150 U. S. 460, 464, 14 S. Ct. 151, 37 L. Ed. 1144, 1146. Property in it can only be acquired by the actual application of it to goods of a certain class, so that it serves to indicate the origin of the goods—that is to say, identify them with the particular manufacturer or trader—and to distinguish them from similar goods. United States v. Braun (D. C.) 39 F. 775; 28 Am. & Eng. Enc. Law, p. 346. The mere advertisement of the words or symbol, without application to the goods themselves, is insufficient to constitute a trade-mark."

The use made by the Armand Company amounts to nothing more than an attractive and effective method of advertising. The failure to affix the mark to the goods actually sold and carried away by the customer deprives it of the fundamental element entering into trade-mark use. The Commissioner, in his opinion, while conceding "the proposition that there must be a physical association of the mark with the goods," and that this proposition is supported by the authorities generally, attempts to distinguish the rule by reference to the provisions of the Trade-Mark Act of February 20, 1905, section 29, of which (15 USCA § 108) provides in part as follows: "A trade-mark shall be deemed to be 'affixed' to an article when it is placed in any manner in or upon either the article itself or the receptacle or package or upon the envelope or other thing in, by, or with which the goods are packed or inclosed or otherwise prepared for sale or distribution."

But the statute, it will be observed, requires that the mark shall appear on the receptacle or package in which the goods are inclosed, "prepared for sale or distribution." The use made by the Armand Company falls far short of meeting this requirement. The display of the picture on the counter where the goods were for sale, or, in another instance, where the exhibition consists of a "double Armand Girl supporting a box of powder, or a box of cold cream," or in the pamphlet referred to, or where, as disclosed in the record, the Armand goods were placed on exhibition at fairs, and a girl, dressed as the "Armand Girl," was on exhibition with the goods. We are of opinion that none of these, or all of these combined, constitute a trade-mark use. They were simply novel and effective methods of advertising. Nor is the suggestion of the Commissioner that the Armand goods were known to the public by the name of the "Armand Girl," and that they were frequently identified as such, of importance.

This identification, attached to the goods, does not originate from a trade-mark use, but from the methods of advertising used by the Armand Company. The identification, therefore, does not strengthen the case, so far as indicating or establishing a legal trade-mark use.

The decision of the Commissioner is reversed.