

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

October 25, 1993

Honorable Rick Perry
Commissioner
Texas Department of Agriculture
P.O. Box 12847
Austin, Texas 78711

Opinion No. DM-266

Re: Construction of the provisions of sections 52.012 and 52.085 of the Agriculture Code regarding agricultural cooperative marketing association member voting rights (RQ-321)

Dear Commissioner Perry:

You ask for our opinion as to the interaction of two provisions of chapter 52 of the Agriculture Code, relating to agricultural cooperative marketing association member voting rights. The provisions about which you inquire are found in sections 52.012(a) and 52.085(a) and (b), and provide respectively:

> (a) A marketing association shall be operated for the mutual benefit of its members, as producers, and shall conform to one or both of the following requirements:
>
> > (1) a member of the association may not have more than one vote based on the member's ownership of stock or membership capital in the association; or
> >
> > (2) the association may not pay dividends on stock or membership capital in excess of eight percent a year.

Agric. Code § 52.012.

> (a) Except as provided by Subsection (b) of this section, a member of a marketing association is entitled to one vote.
>
> (b) A marketing association may provide in its articles of incorporation or bylaws for a member association or group to have more than one vote if the association providing for the vote:
>
> > (1) is organized primarily for the production, cultivation, and care of citrus groves or for processing and marketing citrus products;

> (2) has its principal office in a county that has at least 500 acres of land planted in citrus groves; and

> (3) includes as members one or more associations or groups organized on a cooperative basis.

Agric. Code § 52.085.

We note first that the provisions of subsection (a) of section 52.085, quoted above, derive from now-repealed article 5750, V.T.C.S. The legislature intended the codification of article 5750 in 1981 to be nonsubstantive. *See* Acts 1981, 67th Leg., ch. 388, at 1015 (codifying act); Agric. Code § 1.001(a) (codification intended to be without substantive change). The wording of section 52.085(a), however, differs from that of the predecessor provision in at least two respects such that the provision's import could be substantively altered in particular applications. While subsection (a) reads "[e]xcept as provided by Subsection (b) . . . *a member of a marketing association is entitled to one vote,*" the counterpart language in the predecessor provision, article 5750, read "[*n*]*o member or stockholder shall be entitled to more than one vote* [except for member groups or member associations of certain marketing associations related to the citrus industry]." In accordance with the legislative intent, we will construe section 52.085(a) consistently with its predecessor provision, repealed article 5750. *See Johnson v. City of Fort Worth,* 774 S.W.2d 653 (Tex. 1989) (stating that predecessor statute controls construction of nonsubstantive revision provisions in event of conflict between two provisions).

The flat one-vote limitation, formerly in article 5750 and now in section 52.085(a), has appeared in the state cooperative marketing provisions since the legislature originally enacted them in 1921. Acts 1921, 37th Leg., ch. 22, at 45. In 1922 the United States Congress adopted the Capper-Volstead Act, found at title 7 of the United States Code, sections 291 and 292, which exempts agricultural marketing associations from federal anti-trust laws. *See Northern Cal. Supermarkets, Inc. v. Central Cal. Lettuce Producers Coop.,* 413 F. Supp 984, 988-89 (N.D. Cal. 1976), *aff'd,* 580 F.2d 369 (9th Cir. 1978), *cert. denied,* 439 U.S. 1090 (1979). Section 291 of title 7 of the United States Code requires agricultural marketing associations to conform to the following:

> First. That no member of the association is allowed more than one vote because of the amount of stock or membership capital he may own therein, or,

> Second. That the association does not pay dividends on stock or membership capital in excess of 8 per centum per annum.

> And in any case to the following:

> Third. That the association shall not deal in the products of nonmembers to an amount greater in value than such as are handled by it for members.

In 1930 the Texas Legislature amended the state's cooperative marketing provisions to conform to the Capper-Volstead Act by permitting cooperative marketing corporations to market nonmembers' products. Acts 1930, 41st Leg., 4th C.S., ch. 12, § 9, at 16. The amendment incorporated verbatim the above-quoted provisions of the Capper-Volstead Act, provisions that though somewhat altered in the subsequent nonsubstantive codification, now are codified as Agriculture Code section 52.012, one of the two sections at issue here. In our opinion, when the legislature amended article 5738 in 1930, it lifted the language directly out of the Capper-Volstead Act without intending to change the one-vote limitation that had been present in the cooperative marketing provisions since 1921. The legislature did not intend by the 1930 amendment to authorize a cooperative marketing association to provide any member of its association with more than one vote. We note that, by complying with Texas' one-vote limitation, presently articulated in section 52.085(a) of the Agriculture Code, a cooperative marketing association also complies with the Capper-Volstead requirements, presently articulated in the state law in section 52.012(a) of the Agriculture Code.

The decision of the United States District Court for the Northern District of Texas in *Etter Grain Company v. United States*, 331 F. Supp. 283 (N.D. Tex. 1971), *aff'd*, 462 F.2d 259 (5th Cir. 1972), implicitly supports our interpretation of sections 52.012(a) and 52.085(a) of the Agriculture Code. *See Etter Grain Co.*, 331 F. Supp. 283. The plaintiff in *Etter Grain Co.* claimed that the United States owed it a refund of income taxes because the plaintiff was a cooperative exempt from taxation under section 521 of the Internal Revenue Code, which grants an exemption to farmers' cooperatives. *Id.* at 284-85. The *Etter Grain Co.* court found, however, that the plaintiff did not comply with article 5750 (now section 52.085(a) of the Agriculture Code) because the plaintiff's bylaws granted some members more than one vote. *Id.* at 285. Consequently, the court concluded that the plaintiff was not a farmers' cooperative entitled to exemption from taxation under section 521 of the Internal Revenue Code. *Id.* at 286. The fact that the court analyzed the plaintiff's status as a cooperating marketing association in terms of the one-vote limitation found in article 5750 without considering whether the plaintiff complied with article 5738 (codified as section 52.012(a) of the Agriculture Code) is, we think, instructive.

More significantly, in 1979 the legislature amended article 5750 by adding an exception to the one-vote limitation for cooperative marketing associations related to the citrus industry. *See* Acts 1979, 66th Leg., ch. 667, § 1, at 1551. The legislature codified this exception as section 52.085(b). The legislature's acknowledgment in 1979 that it must amend the one-vote limitation in article 5750, V.T.C.S., expressly to authorize citrus industry-related cooperative marketing associations to offer each member more than one vote affirms our conclusion that the legislature never intended to modify or repeal the one-vote limitation by incorporating the Capper-Volstead provisions into state law; the legislature believed, instead, that the one-vote limitation remained viable.

In summary, section 52.085(a) of the Agriculture Code limits each member of a non-citrus-related cooperative marketing association to one vote. A citrus-related

cooperative marketing association may, pursuant to section 52.085(b), provide for a member association to have more than one vote; if such an association does so, however, it must not pay dividends on stock or membership capital in excess of eight percent a year, in accordance with section 52.012(a)(2) of the Agriculture Code.

## S U M M A R Y

Section 52.085(a) of the Agriculture Code limits each member of a non-citrus-related cooperative marketing association to one vote. A citrus-related cooperative marketing association may, pursuant to section 52.085(b), provide for a member association to have more than one vote; if such an association does so, however, it must not pay dividends on stock or membership capital in excess of eight percent a year, in accordance with section 52.012(a)(2) of the Agriculture Code.

Very truly yours,

D A N   M O R A L E S
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge and William M. Walker
Assistant Attorneys General