**No. 39389.**—Protest 922378–G of Irving W. Rice Co. (New York).

Sullivan, Judge: An inspection of the official samples covered by this protest indicates that the merchandise consists of glass bells with a small amount of metal joining the clapper to the body of the bell.

The collector classified this merchandise under the following provision of paragraph 218 of the Tariff Act of 1930:

(f) Table and kitchen articles and utensils, and all articles of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, or colored, cut, engraved, * * * decorated or ornamented in any manner * * *.

He assessed duty thereon under the foregoing provision at 60 percent ad valorem.

The plaintiff corporation by its protest claims it dutiable at 50 percent ad valorem under paragraph 364 of the same act. This paragraph is in schedule 3, covering "Metals and Manufactures of." It is as follows:

Par. 364. Bells (except church and similar bells and carillons), finished or unfinished, and parts thereof, 50 per centum ad valorem.

But one witness was called, who testified on behalf of the plaintiff, and proved samples of the merchandise (Collective Exhibit 1). He stated the use thereof as follows:

These dinner bells are used for the home—an individual, to attrac* the attention * * *. By picking them up and shaking them.

On being shaken he testified they produced "a sound," and that he called them "a dinner bell"; that he did not know of any other use for them than as a dinner bell.

On cross-examination he testified he had seen these articles used in several homes on the dining *table;* that he had "never seen it used as an ornament." He elaborated on the way he has seen them used as follows:

The madam of the house wanted to attract the attention of the maid; she would pick that bell up and shake it.

The question is: Does the fact that these bells are in chief value of *glass,* exclude them from an *eo nomine* provision for bells (paragraph 364) contained in the *metal* schedule?

Unquestionably these are table articles and utensils in chief value of glass; but they are also bells, and if it were not that the provision for bells is in the metal schedule, and not in the glass schedule, unquestionably this *eo nomine* designation would override a more general provision for glass table articles and utensils.

In *Art Button Novelty Manufacturing Co.* v. *United States,* Abstract 38615, 73 Treas. Dec. 1287, decided May 23, 1938, the merchandise was described as glass tacks. They were "composed wholly or in chief value of glass." We held them dutiable at 60 percent ad valorem under the provisions of paragraph 218 (f) heretofore quoted, rather than under the *eo nomine* provision in paragraph 331 of the *metal schedule* for "tacks * * * not specially provided for." We said:

Assuming that these glass tacks are in part of metal, although there is nothing in the record to indicate that there is any metal whatever in their composition, yet a careful scrutiny of schedule 3 indicates that, with some exceptions hereinafter noted, there is not any provision therein for articles *in part* of metal or articles other than metal or wherein metal is a minor component. The exceptions are "lithographic plates of stone or other material" (paragraph 341); handles for knives, etc. (paragraph 354); stocks for shotguns and rifles (paragraph 365); jewels for watches, etc. (paragraph 367); and the automobiles, motor boats, etc., covered by paragraphs 369 and 370. With the few exceptions notes, therefore, this schedule 3 appears to provide entirely for *articles* in either wholly or in chief value of metal, or metal *materials;* and not for *glass* tacks, even if metal enters into their composition in a minor way, and of this we are without proof.

Of course, in the case at bar metal does enter into the composition of these bells, although "in a minor way." In other respects the foregoing quotation is quite applicable to bells in chief value of glass.

In support of our holding we cited *Veith* v. *United States,* 10 Ct. Cust. Appls. 201, T. D. 38554, referring to the metal schedule of the Tariff Act of 1913. In that case the court stated that the schedule for "Metals and Manufactures of" has been uniformly interpreted as meaning wholly or in chief value of metals, and—

That the tariff entitlement of the schedule may be considered as throwing light upon the subject matter is well settled. * * *

The appellate court cited *Fenton* v. *United States,* 1 Ct. Cust. Appls. 529, T. D. 31546.

We then continued in our opinion in the *Art Button* case, *supra,* as follows:

It will be observed that paragraph 167 of the Tariff Act of 1913, being the corresponding paragraph to paragraph 397 of the act of 1930, related to articles "wholly or *in part of*" various metals. On the other hand, paragraph 397 of the

present act relates to articles "wholly or *in chief value*" of various metals. So that there was a provision in the metal schedule of the Tariff Act of 1913 for articles *"in part of"* metals; and the fact that Congress changed the wording to read *"in chief value"* of various metals in paragraph 397 of the present act, is a stronger reason for believing that with the exceptions heretofore referred to, Congress intended the metal schedule of the present act to apply to materials and articles either in chief value of metal or wholly of metal—not in chief value of glass and in part of metal, if there is metal in these glass tacks, and of this we are without proof.

Except that we have proof that there is some metal in these glass bells, the foregoing quotation is applicable thereto.

We have examined the *Godillot, Proctor & Gamble*, and *Littwitz* cases cited by plaintiff in its brief. They do not assist us in determining whether or not a bell composed of *glass* is barred from an *eo nomine* provision for bells in the *metal* schedule.

*Universal Mercantile Co.* v. *United States*, 18 C. C. P. A. 441, T. D. 44698, also cited by plaintiff does not assist us. One of the holdings in that case, as indicated by the syllabus, was—

Even though the title of a schedule or paragraph in a tariff act may, in some instances, be strongly indicative of a legislative purpose to limit such schedule or paragraph to articles of a particular class, where, however, the *Congress has indicated a contrary purpose,* * * * the title of such schedule or paragraph should not be given controlling effect. [Italics ours.]

In the case at bar, however, we do not find any evidence of an intent by Congress to include other than metal articles in the metal schedule, with the exception of the specially mentioned articles referred to in the extract from our decision in the *Art Button* case, *supra*, heretofore quoted.

The *Piver* case, T. D. 47357, 66 Treas. Dec. 562, relating to bottles with unattached metal caps therefor, also cited by plaintiff, is not in point. We held the bottles and caps dutiable as entireties at 75 percent ad valorem under paragraph 218 (e), act of 1930, rather than the caps separately from the bottles under paragraph 390 of the metal schedule, and the bottles separately under paragraph 218 (e). We held the caps a necessary part of the bottles, inasmuch as it would be impossible to retain certain powder in the bottles "without the cap to confine the powder to the bottle."

The *Woolworth* case, 23 C. C. P. A. 365, T. D. 48212, cited by plaintiff, does not assist us. It covered a bell and stand therefor *entirely of metal*, and the holding was that the entirety was classifiable as bells under paragraph 364. It also defined a bell.

Unquestionably the articles at bar are bells, but they are not metal bells, and in view of the *Art Button* case, *supra*, are not classifiable under the metal schedule.

The Government cites *United States* v. *Fruit Products Corporation*, 12 Ct. Cust. Appls. 337, T. D. 40486. It relates to cherries. We quote the following from the extract from the opinion set out in the brief:

Cherries whether pitted or not, are still cherries and if sulphured or packed in brine would come within the designation cherries sulphured or cherries in brine.

The court might paraphrase the above, and say: Bells whether glass or not are still bells. That case does not assist us, as does the *Art Button* case, *supra*, in determining whether or not *glass* bells are dutiable under an *eo nomine* provision for bells in a schedule providing for "Metals and Manufactures of."

As this merchandise from the facts is glass although it may have some use as a bell, we feel under the authorities that the *eo nomine* provision for bells in the metal schedule could not and would not include an article of glass although performing some of the functions of a bell.

The protest is overruled. Judgment for defendant.